```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22497-CIV-JORDAN
                              MAGISTRATE JUDGE P. A. WHITE

CALVIN CARLOS CAMPBELL,       :

      Plaintiff,              :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
LAKISHA HUMPHRIES, ET AL.,    :

      Defendants.             :
_____
```

This Cause is before the Court for consideration of the plaintiff's First Amended Complaint [DE# 28] and Motion for Default Judgment [DE# 31].

On September 24, 2007, Calvin Carlos Campbell, currently confined at the Central Florida Reception Center, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 raising claims of constitutional violations which occurred at the Dade Correctional Institution ("DCI"). [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 11].

The plaintiff named as defendants (1) DCI Correctional Officer Lakisha Humphries; (2) DCI Colonel Larry Mayo; and (3) DCI Warden David Harris. The plaintiff alleges that he has had five "bypass implants" placed in his heart due to cardiovascular disease, he has suffered a severe myocardial infarction and he must avoid extreme heat or cold and emotional stress. He states that in September, 2003, Humphries violated his constitutional rights when: (1) on September 13, 2003 she refused to allow the plaintiff to get a drink of water to lessen the severe heat stress upon his heart, telling him "I don't give a damn about your heart problem. Take it up with the medical staff and the warden . . . go to your cell and drink

sink water.  This is not the Hilton Hotel!"; (2) on September 17, 2003 she engaged in a confrontation with the plaintiff concerning her decision about job assignments, during which the plaintiff became "emotionally distressed" and experience chest pains and told the plaintiff not take his nitroglycerine tablets, an order he ignored; and (3) she had the plaintiff taken to confinement as a result of his disobeying her order and issuing a disciplinary report.  As a result of the September 17, 2003 incident, the plaintiff experienced severe angina and congestive heart failure and was taken to an outside hospital.  Upon his return from the hospital, Mayo ordered the plaintiff to be placed in confinement to await the outcome of the disciplinary charges.  The plaintiff was subsequently found guilty of the charge and was sentenced to 15 days in confinement.  Harris denied his appeal.  After subsequent appeal and litigation, the disciplinary report was overturned and removed from the plaintiff's record.  The plaintiff alleges that Humphries engaged in intentional infliction of emotional distress; imposed cruel and unusual punishment upon him by inflicting mental suffering and physical injury; and violated his rights under the Fourth Amendment by issuing an unsupported disciplinary report.  The plaintiff further alleges that Mayo violated his rights by failing to investigate and disapprove the disciplinary report, and Harris failed to adequately supervise Humphries.

On January 11, 2008 the Undersigned issued a Preliminary Report recommending (1) the constitutional and pendent state law claims proceed against the defendant Humphries and (2) the defendants Mayo and Harris be dismissed as parties to this action pursuant to 28 U.S.C. §1915(e)(2)(b)(ii)[1], for failure to state a claim upon which

---

[1] As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

relief can be granted. [DE# 12].  The Honorable Adalberto Jordan issued an Order adopting these recommendations and permitting the plaintiff to file an amended complaint. [DE# 16].

The defendant Humphries was personally served by the U.S. Marshal on April 14, 2008. [DE# 19].  The defendant has not filed an Answer, or responsive pleading as required by Fed.R.Civ.P. 12(a) within 20 days of service of the summons and complaint.  The Clerk has entered a default against the defendant Humphries and the plaintiff has moved for a default judgment. [DE# 31].

The plaintiff has also filed an Amended Complaint in which he raises the same allegations against Humphries, and attempts to reinstate claims against Mayo and Harris. [DE# 28].

<u>Amended Complaint</u>

---

   (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

   \* \* \*

   (B) the action or appeal –

   \* \* \*

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief from a defendant who is immune from such relief.

The plaintiff seeks to reinstate claims against Harris and Mayo. He alleges that Harris breached his duty of care to the plaintiff under state law; Mayo failed to quash the disciplinary report and ordered the plaintiff into confinement without first consulting with a doctor and with the knowledge of the plaintiff's medical condition; Harris and Mayo, as supervisory personnel, failed to protect the plaintiff from Humphries despite their knowledge that Humphries had several complaints filed against her; and Harris and Mayo failed to properly supervise Humphries.

The plaintiff has failed to raise sufficient facts to state a constitutional claim for relief against Mayo with regard to his failure to investigate and disapprove the disciplinary report. He alleges only that Mayo was involved in his assignment to disciplinary confinement; he does not allege that Mayo had any role in the disciplinary process other than housing placement. The plaintiff also raises no constitutional claim with regard to Mayo's failure to consult with a doctor as the claim is far too conclusory to even raise an implication that Mayo was personally aware of any medical danger to the plaintiff as a result of placement in confinement or that Mayo acted with a culpable state of mind.

Further, the claim that Harris and Mayo failed in their duties as supervisors does not state a constitutional claim for relief. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

4

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations that Humphries had a history of complaints and pattern of misconduct without identifying any "contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents."

It is therefore recommended that the Amended Complaint [DE# 28] be dismissed, as the claims against Harris and Mayo fail to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b)(ii).

### Motion for Default Judgment

The Clerk has entered a default as to Defendant Humphries. A final entry of default judgment, and possible damages, may only be

entered by the United States District Judge.  The entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the Complaint.  Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. <u>Harless v. Kuhn</u>, 403 So.2d 423, 425 (Fla. 1981), <u>citing</u> <u>Watson v. Seat & Crawford</u>, 8 Fla. 446 (1859);  <u>Pony Express Courier Corp. of Florida v. Zimmer</u>, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. <u>Bowman v. Kingsland Development, Inc.</u>, 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

In support of his Motion for Default Judgment, the plaintiff has submitted an affidavit which simply states that he is entitled $5 million in damages, interest and costs. [DE# 32].  The plaintiff has not submitted a sworn affidavit detailing his personal knowledge of the injuries sustained as a result of the actions or inactions of the defendant, nor has he submitted any proof of damages such as copies of medical records, photographs, or any other evidence in the plaintiff's custody or control detailing his injuries.  For these reasons, it is recommended that the Motion for Default Judgment be denied without prejudice.  The Undersigned notes that if the plaintiff files a motion for entry of default judgment against the defendant with evidence indicating to the Court the extent of injuries and damages he suffered as a result of the subject incident, he must also serve the defendant with his motion for entry of default judgment by mailing the motion to the address the plaintiff used to effect proper service on the defendant.

It is therefore recommended as follows:

1. The Amended Complaint [DE# 28] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

2. The Motion for Default Judgment [DE# 31] be denied without prejudice so the plaintiff may file a Motion for Entry of Default Judgment pursuant to Fla.R.Civ.P. 55(b)(2) with proof of damages.

It is so recommended at Miami, Florida, this 28th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Calvin Carlos Campbell, Pro Se
    DC No. 016422
    Central Florida Reception Center
    7000 H C Kelley Road
    Orlando, FL 32831-2518